JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-00339-JLS (JCGx)          Date: March 2, 2016
Title: Ruby Dillon v. Harold LaFlamme et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                      Not Present

**PROCEEDINGS:**    (IN CHAMBERS)    **ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 109)**

                         **ORDER DENYING AS MOOT MOTION TO WITHDRAW AS COUNSEL (DOC. 113)**

At its core, this action arises out of a child custody dispute. The underlying custody dispute was resolved by the Superior Court of Orange County ("Superior Court") which rejected the child's mother's request for sole custody and instead entered a judgment awarding sole custody of the child to her father. The judgment was affirmed by the California Court of Appeal. In the present action, the mother sues a multitude of entities and individuals involved in the events that preceded the Superior Court's judgment and based on certain actions related to the appellate process.

This matter is presently before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 109), and the Motion to Withdraw as Counsel (Doc. 113) filed by Plaintiff's counsel. As set forth below, the Court DENIES Plaintiff's Motion for Leave to File an Amended Complaint and DENIES AS MOOT the Motion to Withdraw as Counsel.

**I. Background**

Plaintiff attached her Proposed Second Amended Complaint ("SAC") to her Motion. (*See* Doc. 109 at 12-102.)

On September 24, 2015, upon consideration of nine Motions to Dismiss filed by Defendants, the Court dismissed Plaintiff's claims based on Plaintiff's failure to file timely written opposition. (Doc. 80.) However, the dismissal was without prejudice, and Plaintiff was granted twenty-one days in which to file a motion for leave to file an amended complaint. (*Id.* at 3.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00339-JLS (JCGx) | Date: March 2, 2016 |

Title: Ruby Dillon v. Harold LaFlamme et al.

      Instead of filing such a motion within the time permitted, Plaintiff obtained new counsel, who filed an ex parte application for an extension of the deadline. (Doc. 83.) As explained previously by the Court in an Order dated October 22, 2015, the ex parte application itself failed to comply with the notice requirements set forth in the Local Rules. (*See* Doc. 91.) The Court expressly cautioned counsel that the failure to comply with the Local Rules could result in the denial of Plaintiff's future requests for relief. (*Id.* at 2.)

      The Court granted an additional twenty-eight days in which to file a motion for leave to file an amended complaint. (*Id.*) However, the Court expressly directed Plaintiff's counsel to comply with Local Rule 7-3's meet and confer requirement, and to file in advance of the motion a declaration informing the court of the result of the meet and confer efforts. (*Id.*)

      Plaintiff failed to file such a declaration in advance of the motion; instead, Plaintiff filed the declaration as an exhibit to the motion itself. (*See* Doc. 97.) The declaration outlined Plaintiff's efforts regarding the meet and confer requirement, which the Court found to be inadequate. (*Id.* at 2.) As a result, in an Order dated December 11, 2015, the Court struck Plaintiff's motion for leave to file an amended complaint, directed Plaintiff to comply fully with Local Rule 7-3, and granted an additional twenty-one days in which to file a motion for leave to file an amended complaint. (*Id.*) The Court's directive to Plaintiff regarding another failure to meet and confer in accordance with Local Rule 7-3 could not have been clearer: "To be clear, failure to meet and confer fully in accordance with Local Rule 7-3 will result in the denial of the motion." (*Id.*) Moreover, the Court *again* directed counsel's attention to the need to fully comply with the Court's Local Rules. Specifically, the Court directed counsel's attention to a Notice of Deficiency issued on November 25, 2015, noting that counsel failed to notice the motion for hearing. (*Id.* (referencing Doc. 96).)

      On January 5, 2016, the day after the Clerk issued yet another Notice of Deficiency based on Plaintiff's failure to notice her motion for hearing, the Court again struck Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 108 (striking Doc. 106).) Two days later, despite being beyond the deadline for the filing of such a motion, without seeking an extension, Plaintiff again refiled her Motion for Leave to file an Amended Complaint, this time as a "Corrected" version that complied with the notice of hearing requirement. (Doc. 109.) It is this "Corrected" version that is the currently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00339-JLS (JCGx)　　　　　　　　　　　　Date: March 2, 2016

Title: Ruby Dillon v. Harold LaFlamme et al.

　　　Four oppositions have been filed by various Defendants. (Docs. 111 & 114-117.) Two of the opposition briefs argue that Plaintiff's meet and confer efforts were inadequate.[1] As explained more fully below, the Court agrees.

**II.　　Meet and Confer Efforts Regarding the Present Motion**

　　　Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."

　　　The first Opposition brief that addresses Plaintiff's meet and confer efforts was filed by a group of Defendants consisting of the County of Orange ("the County") and the City of Tustin ("the City), and individual Defendants employed by those entities, the majority of whom are alleged to be employed as social workers. (*See* Doc. 115 ("the County's Opposition").)

　　　As to this first group of Defendants, the initial communication in the meet and confer attempt occurred on December 16, 2015, when Plaintiff's counsel Brian E. Claypool sent a letter to Defendants' counsel Daniel K. Spradlin, informing him that Michelle Soto and Dean Webb,[2] both attorneys, would be available on three specified days in late December to discuss Plaintiff's contemplated amendment. (Doc. 115-1 (Ex. C).) A conference call was arranged. (*Id.* Ex. E.)

　　　However, according to the declaration submitted by counsel of record Roberta Kraus, when the conference call was held, Mr. Webb did not participate. Instead, Ms. Soto, who had been a member of the California bar for less than three weeks and who is not counsel of record in this case was on the call. Moreover, although she was involved in the conference call, Ms. Soto did not participate in the discussion of the merits of Plaintiff's claims; rather, for Plaintiff, the substance of the discussion regarding the proposed amendments was handled by Colbern Stuart III, a disbarred California lawyer and Executive Director of the California Coalition for Families and Children, an entity which is not a party to this action. (Kraus Decl. ¶¶ 5-6.)

---

[1] The remaining two Opposition briefs do not argue that Plaintiff's meet and confer efforts were inadequate, but the briefs are limited in scope. (111 & 116) The Opposition brief filed by Defendant Allan Stokke seeks clarification that Plaintiff's claims against him are dismissed with prejudice in light of the Court's previous dismissal of Plaintiff's claims, and in light of Plaintiff's failure to name Defendant Stokke in the proposed Second Amended Complaint. (Doc. 111.) The Opposition brief filed by specially Appearing Defendant Robert Munoz, who was not served with the original Complaint, addresses whether Plaintiff may permissibly serve him with an amended complaint in light of the Court's previous Order granting his motion to quash service of summons. (Doc. 116.)

[2] On January 5, 2016, the Court denied Mr. Webb's application to appear *pro hac vice*. (Doc. 108.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00339-JLS (JCGx)            Date: March 2, 2016
Title: Ruby Dillon v. Harold LaFlamme et al.

       After the conference, in an email to Ms. Soto dated December 21, 2015, Ms. Kraus summarized the discussion and identified open issues. (*Id.* ¶ 7.) The parties engaged in no further discussion regarding the substance of the proposed amendments. (*Id.*) Instead, ten days later, on December 31, 2015, Ms. Soto requested that counsel stipulate to extend the time in which to file the motion for leave to amend, and counsel declined to stipulate. (*Id.* ¶ 8.) On the next Court date, January 4, 2016, Plaintiff's Motion for Leave to File an Amended Complaint was filed. (Doc. 105.)[3]

       The second Opposition brief that addresses Plaintiff's meet and confer efforts was filed by Defendant Harold LaFlamme. (Doc. 117.) Defendant LaFlamme is an attorney who was appointed by the Superior Court to represent the minor in the underlying custody dispute. (SAC ¶ 79.)

       Defendant LaFlamme's counsel submitted a declaration regarding a meet and confer telephone conference that corroborates the account given by counsel for the County and the City. (*See generally* Harris Decl. (Doc. 117 at 35-38).) Mr. Harris states that the meet and confer telephone conference did not include Plaintiff's sole counsel of record, Brian E. Claypool,[4] and it did not include Dean Webb, who at the time had an application to appear *pro hac vice* pending before the Court.[5] (Harris Decl. ¶¶ 6-7.) Instead, the conference was led by Mr. Stuart, with minimal involvement by Ms. Soto, who had not read the appellate decision underlying the custody dispute. (*Id.* ¶ 8.)

       Like counsel for the County and the City, immediately after the conference concluded, Mr. Harris emailed Ms. Soto to inform her of the fact that he believed the meet and confer effort had been inadequate. (*See* Harris Decl. Ex. 3.) The following day, Mr. Harris sent a follow-up letter in which he outlined the multiple ways in which he believed the conference was inadequate. (*Id.* Ex. 4.)

---

[3] As noted above, this January 4, 2016 filing was stricken by the Court, and Plaintiff filed a corrected version two days after that. (*See* Docs. 108-109.)
[4] Mr. Claypool informs the Court that he was suffering from a bout of asthmatic bronchitis beginning as early as December 11, 2015 and continuing through at least the date of the conference call, and that his illness precluded his participation in the conference call. (Claypool Decl. ¶¶ 4 & 7.) Defendant LaFlamme submits evidence in the form of Mr. Claypool's Twitter feed that tends to suggest a lesser degree of incapacitation than represented by Mr. Claypool. (Harris Decl. Ex. 2.) The Court need not resolve this conflicting evidence to decide the Motion before it.
[5] The record demonstrates that Ms. Soto unsuccessfully attempted to obtain Mr. Webb's participation. (*See* Soto Decl. Ex. D.) Ms. Soto emailed Mr. Webb while the conference call was ongoing, but Mr. Webb responded that his throat was sore and his voice was too hoarse for him to participate, but expressed confidence that Ms. Soto could carry on without his participation. (*Id.*)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00339-JLS (JCGx)            Date: March 2, 2016

Title: Ruby Dillon v. Harold LaFlamme et al.

       The record reveals no further substantive discussions among counsel regarding the proposed amendments.

### III. Discussion Regarding Failure to Comply with Court Orders and Local Rules

       On this record, the Court concludes that Plaintiff has once again failed to comply with the Court's directive that she address the substance of her motion to amend in the required pre-filing conference of counsel. After the Court repeatedly cautioned counsel regarding the meet and confer requirement of Local Rule 7-3, and having expressly warned counsel of the consequences of such a failure, counsel again failed to show any diligence in demonstrating compliance. Instead, counsel of record did not himself participate; instead, he permitted a disbarred attorney to address the proposed amendments with opposing counsel. Mr. Webb, who at the time intended to appear before this Court *pro hac vice*, likewise declined to participate in the telephone conference, and although illness may have prevented his participation on the particular morning, the record reflects no attempt to communicate his non-participation to Ms. Soto prior to the start of the conference.[6]

       Thus, on Plaintiff's behalf, after repeated warnings from the Court regarding the consequences of the failure to comply with the Court's Local Rules, and after the Court expressly warned of the penalty associated with another failure to adequately comply with Local Rule 7-3, the meet and confer session on December 21, 2015 was initiated by a junior attorney with three weeks' experience, was led by a disbarred attorney who lacks the authority to practice law in the State of California, and lacked participation of any counsel of record.

       Importantly, even if Mr. Claypool and Mr. Webb were both precluded by illness from the December 21, 2015 telephone conference, the record is devoid of any suggestion that they were incapacitated in the days that followed. As noted above, Ms. Kraus and Mr. Harris each quickly communicated their positions that the meet and confer efforts was inadequate and that further issues needed to be addressed prior to the filing of a motion with the Court. There is no suggestion that either Mr. Claypool or Mr. Webb took action to engage in further efforts. In fact, the only action was taken by Ms. Soto, who requested yet another stipulation to extend the time in which to file Plaintiff's motion, which defense counsel understandably declined. (*See* Kraus Decl. Ex. I.)

---

[6] On the present record, there is no suggestion that Ms. Soto acted without diligence. *See generally* Soto Declaration (Doc 109-2.) But neither is there any suggestion that she was more involved in the conference than indicated by opposing counsel. (*See id.*) Instead, using what appears to be carefully chosen language, she states that "we provided case law" related to two issues raised by Mr. Harris and that "it was suggested that we would try to dismiss the claims against" certain identified Defendants in response to Ms. Kraus' arguments. (*Id.* ¶¶ 8-9 & 11-12.)

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00339-JLS (JCGx) | Date: March 2, 2016 |
| Title: Ruby Dillon v. Harold LaFlamme et al. | |

      The present Motion for Leave to File an Amended Complaint violates this Court's prior orders in other ways. Specifically, as pointed out in Defendant LaFlamme's Opposition, Plaintiff failed to comply with the Court's standing order regarding the filing of motions to amend the pleadings. In this case, the Court issued its Initial Standing Order on March 25, 2015. (Doc. 14 at 10 ("Standing Order").) As set forth therein, all motions to amend pleadings are required to "state the effect of the amendment and . . . identify the page and line number(s) and wording of any proposed change or addition of material." (*Id.*) Plaintiff made no attempt to comply with this requirement. Instead, the sole description of the substance of the changes between the First Amended Complaint ("FAC") and the SAC is set forth in one sentence, which states that Plaintiff "dismiss[ed] 10 defendants and six causes of action." (Motion at 7.) Moreover, Plaintiff failed to comply with the Standing Order's requirement that she "attach as an appendix to the moving papers a 'redlined' version of the proposed amended pleading indicating all additions and deletions of material." (*See* Standing Order at 10.)

      The purpose of these provisions is to provide opposing counsel and the Court with a precise summary and a visual depiction of the changes proposed by the party seeking amendment. The effect of a party's failure to comply with these requirements is that the party opposing amendment must undertake a laborious comparison of the operative pleading to the proposed pleading to identify new claims that are legally futile or insufficiently pleaded.

      Undertaking such a task in this case is no small feat. The FAC sets forth 11 causes of action asserted against over 30 defendants in a 90-page document. The SAC sets forth 13 causes of action asserted against over 20 defendants in document of similar length. Many of the causes of action set forth in both documents contain multiple subparts, and the multitude of claims are asserted against different types of defendants on different factual allegations.

      As set forth herein, notwithstanding repeated warnings from the Court, Plaintiff has repeatedly failed to comply with the Court's Orders and Local Rules. The Court therefore considers whether it should dismiss Plaintiff's claims based on these failures to comply.[7]

**IV.**    **Dismissal for Failure to Comply with Court Orders and Local Rules**

      Courts may dismiss claims where a plaintiff fails to comply with court orders and local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam). In exercising the discretion to dismiss an action for failing to comply with the Local Rules, the Court must "weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

---

[7] Here, the practical effect of denying the Motion for Leave to File an Amended Complaint is a dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00339-JLS (JCGx)            Date: March 2, 2016

Title: Ruby Dillon v. Harold LaFlamme et al.

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

    Under the facts of this case, the *Ghazali* factors favor dismissal.

    The first and second factors both favor dismissal. As noted above, Plaintiff has repeatedly failed to comply with the Court's Orders and Local Rules, even after repeated cautioning by the Court. Litigants who fail to heed the Court's warnings regarding the failure to comply with basic court procedures severely undermine the Court's ability to expedite the resolution of the action, and results in decreased judicial efficiency and inefficient docket management. *See, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), as amended (May 22, 1992) (time spent on litigants' noncompliance with procedural rules may "consume[] large amounts of the court's valuable time that it could [be] devoted to other . . . cases on its docket").

    The third factor, the risk of prejudice to the defendants, also favors dismissal. As noted, Defendants attempted in good faith to participate in Plaintiff's meet and confer efforts, but the unresolved issues they outlined for counsel after the initial conference went unheeded. Moreover, they were not provided with the required summary of the proposed amendments when the Motion for Leave to File an Amended Complaint was filed and were instead left with the task of ascertaining those from their own comparisons.

    The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

    Finally, the Court has considered less drastic alternatives to dismissal. In doing so, the Court notes it is not the first time it has considered and/or imposed such less drastic alternatives. In fact, the Court considered and imposed less drastic alternatives four times previously. Specifically, in its September 24, 2015 Order, rather than dismissing Plaintiff's claims pursuant to Plaintiff's failure to file timely oppositions to nine separate motions to dismiss, the Court granted Plaintiff 21 days in which to file a motion seeking leave to file an amended complaint. (Doc 80 at 3.) In its October 22, 2015 Order, the Court granted Plaintiff's request for additional time in which to file her motion notwithstanding Plaintiff's failure to comply with the Court's Local Rule 7-19, related to filing requirements for ex parte applications seeking relief. (Doc. 91.) In its December 11, 2015 Order, the Court found Plaintiff's "eleventh hour" meet-and-confer letters an insufficient attempt to comply with Local Rule 7-3, gave counsel "one more opportunity" to comply, and expressly cautioned that the "failure to meet and confer fully in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00339-JLS (JCGx)            Date: March 2, 2016

Title: Ruby Dillon v. Harold LaFlamme et al.

accordance with Local Rule 7-3 will result in a denial of the motion." (Doc. 97.) Plaintiff timely filed her motion on January 4, 2016,[8] but the Clerk issued a Notice of Deficiency based on the failure to comply with another Local Rule that requires a movant to notice a motion for hearing. (Docs. 106-107.) As a result, the Court merely struck the motion rather than denying it, and when Plaintiff refiled the motion as a "Corrected" version, the Court permitted its untimely filing. (*See* Docs. 108-109.)

Here, the record reflects that the Court could not have stated more clearly that Plaintiff---and all litigants before the Court---are required to comply with the Court's Orders and Local Rules. The Ninth Circuit has recognized that "a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement," and the Court believes that its repeated warnings to Plaintiff satisfy that element in this instance. *Ferdik*, 963 F.2d at 1262.

On balance, the factors considered by the Court favor dismissal. The Court's warnings have obviously been disregarded by counsel, and the public's interest in expeditious resolution of litigation, the Court's need for effective and efficient docket management, and the risk of prejudice to Defendants all strongly favor dismissal. In this instance, in light of the Court's repeated warnings, the availability of less drastic sanctions must yield to the interest in enforcing valid orders and directives of the Court. The Court's orders and directives foster judicial economy and efficiency through the establishment of orderly rules, procedures, and customs of litigation which apply to, and which ultimately benefit, all litigants before the Court.

Accordingly, the Court denies Plaintiff's Motion for Leave to File an Amended Complaint.

**V.  Motion to Withdraw as Counsel**

In light of the Court's denial of Plaintiff's Motion for Leave to File an Amended Complaint, the Court denies as moot the Motion to Withdraw as counsel.

---

[8] Friday, January 1, 2016, was a Court holiday. The next Court day was January 4, 2016.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 15-00339-JLS (JCGx)            Date: March 2, 2016

Title: Ruby Dillon v. Harold LaFlamme et al.

**VI.**    **Conclusion**

The Court denies the Motion for Leave to File an Amended Complaint. The Court denies as moot the Motion to Withdraw as counsel.

**IT IS SO ORDERED.**

                                                  Initials of Preparer: tg